UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IMAGEPOINT INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| KEYSER INDUSTRIES, INC., a/k/a ) | |
| FLORIDA PLASTICS ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | No.: 3:04-CV-119 |
| KEYSER INDUSTRIES, INC., a/k/a ) | (VARLAN/GUYTON) |
| FLORIDA PLASTICS ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| v. ) | |
| ) | |
| MARKETING DISPLAYS, INC., ) | |
| ) | |
| Third Party Defendant. ) | |

## MEMORANDUM OPINION

This patent infringement case is before the Court on Keyser Industries, Inc.'s Motion to Transfer the Action to the United States District Court for the Eastern District of Kentucky, Covington Division [Doc. 23]. Defendant Keyser Industries, Inc., a/k/a Florida Plastics International, Inc. ("Florida Plastics") requests that the Court transfer this case to the United States District Court for the Eastern District of Kentucky, Covington Division. Florida Plastics' primary reason for requesting a transfer is that a related action is currently pending in the Kentucky court involving most of the same parties, the same patents and

similar products as the present case. Plaintiff ImagePoint, Inc. has opposed the motion and argues that defendant has failed to show that Kentucky is a more convenient forum than this Court. It is worth noting that third-party defendant Marketing Displays, Inc. has not responded in favor of or against the pending motion.

The Court has carefully reviewed the pending motion and related pleadings [Docs. 24, 37, 38] in light of controlling law and the entire record. For the reasons set forth herein, the defendant's motion to transfer will be **GRANTED**.

## I. Relevant Facts

### A. Parties to the Instant Case

ImagePoint filed this action on March 10, 2004, alleging that Florida Plastics is infringing five patents owned by Marketing Displays, Inc. ("MDI") and for which ImagePoint is the exclusive licensee: United States Patent No. 5,682,694; United States Patent No. 5,983,543; United States Patent No. 6,125,565; United States Patent No. 6,298,589; and United States Patent No. 6,631,576. Florida Plastics has counterclaimed against ImagePoint and filed a third-party complaint against MDI for declaratory judgment that they do not infringe the five MDI patents and that the patents are invalid. The patents at issue relate to adjustable menu panels and menu board systems used by fast food restaurants at drive-through lines or at inside counters.

The main corporate office for ImagePoint is located in Knoxville, Tennessee. Officers and other employees of ImagePoint who will be called to testify in the present case are located and employed at the Knoxville office. [Doc. 37, Kressin Dec. at ¶ 3.]

Florida Plastics has sold the menu boards alleged to infringe the patents of MDI involved in the present action to McDonalds' restaurants throughout the United States, including the Eastern District of Kentucky and in Covington, Kentucky. [Doc. 23, Keyser Dec. at ¶ 3.] The accused menu boards of Florida Plastics include menu panels, which are the portion of a menu display product that displays the restaurant menu, and a housing in which the menu panels are located. These housings are purchased by Florida Plastics from LSI Images, Inc. ("LSI"), which is not a party to this case. [*Id.* at ¶ 4.] Florida Plastics has manufactured the accused menu panels at its facilities in the Chicago, Illinois area under a license from LSI. Additionally, LSI has agreed to indemnify Florida Plastics with respect to the manufacture and sale of the menu boards. [*Id.* at ¶ 5.] Florida Plastics indicates that all of its witnesses involved in the design, manufacture, and sale of the accused menu boards reside and work in the Chicago, Illinois area. Florida Plastics has no offices, employees or distributors in the States of Tennessee. [*Id.* at ¶ 6.]

LSI manufactures all of its products, including the housings sold to Florida Plastics and the adjustable menu boards accused to infringe the MDI patents at its facility in Erlanger, Kentucky, which is approximately 10 miles from the United States Courthouse in Covington, Kentucky. [Doc. 23, Jordan Dec. at ¶ 4.] LSI indicates that all of its witnesses that are involved in the design, manufacture and sale of these products reside in the Erlanger,

Kentucky area and work at LSI's facility in Erlanger. [*Id*. at ¶ 5.] LSI indicates that ImagePoint manufactures its menu boards at its manufacturing facility in Florence, Kentucky, which is less than 15 miles from the United States Courthouse in Covington, Kentucky. [*Id*. at ¶ 6.]

B. The Kentucky Case

On October 12, 2000, LSI filed a similar action in the United States District Court for the Eastern District of Kentucky, Covington Division, Case No. 2:00-cv-00197-WOB, against ImagePoint and MDI, seeking a declaratory judgment that the first three of the five MDI patents are invalid and are not infringed by LSI. [Doc. 23, Remaklus Dec., Exs. 1, 3.] Florida Plastics is not a party to the Kentucky case but is a licensee of LSI, as noted above. As alleged by LSI in the Kentucky case, Plasti-Line, Inc., now known as ImagePoint, notified Florida Plastics that the menu boards it manufactures infringe at least two of the MDI patents. [Remaklus Dec., Ex. 1 at ¶ 12.] LSI thus agreed to indemnify Florida Plastics and its customer, McDonalds Corporation. [Remaklus Dec., Ex. 4 at ¶ 21.] ImagePoint filed a counterclaim in the Kentucky case against LSI and the case was stayed pending completion of reexamination proceedings in the United States Patent and Trademark Office regarding the three MDI patents at issue in that case. [Remaklus Dec., Ex. 7.] Counsel for ImagePoint have indicated an intent to add the remaining two MDI patents to the Kentucky case once the stay is lifted. [Remaklus Dec., Ex. 9.]

The attorneys representing LSI Industries in the Kentucky case also represent Florida Plastics in the instant case. [Kressin Dec. at ¶ 5.] Counsel for Florida Plastics and LSI

4

indicates that no substantive discovery has yet occurred in the Kentucky case. Although the stay was lifted by the court in an order entered November 22, 2004, the parties have yet to engage in discovery. In a letter dated February 10, 2005, counsel for ImagePoint proposed that the parties "suspend the responses to the outstanding discovery requests while the possibility of settlement is still being explored." [Doc. 38, Second Remaklus Dec. at ¶ 3.]

Counsel for ImagePoint contends that the Magistrate Judge for the Kentucky case has advised the parties that the case will be tried before the end of 2005. [Kressin Dec. at ¶ 6.] In contrast, counsel for Florida Plastics and LSI indicates that Magistrate Judge Wehrman did not state that the Kentucky case will go to trial by the end of the year. Instead, Judge Wehrman simply stated that the parties should not be surprised if the court entered a scheduling order that would set the Kentucky case for trial before the end of the year. As of the last filing in the instant case, no scheduling order has been entered by the court in the Kentucky case. [*Id.* at ¶ 4.]

For purposes of the pending motion, the parties have stipulated that the design and construction of the menu boards and/or menu panels made, offered for sale and/or sold by Florida Plastics are deemed to be different than the design and construction of the menu boards and/or menu panels made, offered for sale and/or sold by LSI Industries, Inc., which are accused to infringe the patents in suit in the Kentucky case. [Kressin Dec. at ¶ 4.]

5

**II.    Analysis**

The discretionary venue transfer statute, 28 U.S.C. § 1404(a), provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This Court has broad discretion in considering a motion to transfer under § 1404(a). *Ellipsis, Inc. v. Colorworks, Inc.*, 329 F. Supp.2d 962, 970 (W.D. Tenn. 2004). The burden is on the moving party to establish the need for a change of forum. *Paragon Financial Group, Inc. v. Bradley Factor, Inc.*, 2003 WL 23471548, at *11 (E.D. Tenn. 2003). The plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *Id*. at *12. The threshold consideration is whether the action is one which could have been brought initially in the proposed transferring district. *Returns Distribution Spec., LLC v. Playtex Prods., Inc.*, 2003 WL 21244142, at *6 (W.D. Tenn. 2003).

In deciding whether to transfer a case because the forum is inconvenient, the Court is to consider the following factors: (1) the location of willing and unwilling witnesses; (2) the residence of the parties; (3) the location of sources of proof; and (4) the location of the events that gave rise to the dispute. *Paragon Financial Group, Inc.*, 2003 WL 23471548, at *11 (E.D. Tenn. 2003). Additionally, a transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *Id*. at *12.

Finally, this Court has noted that "where 'the interest of justice' is paramount, and where the comparative convenience of the transferee and transferor forums is not significant,

6

Case 3:04-cv-00119   Document 39   Filed 05/25/05   Page 6 of 12   PageID #: 224

transfer under § 1404(a) is appropriate." *Donald v. Seamans*, 427 F. Supp. 32, 33 (E.D. Tenn. 1976). The Court will therefore consider all of these factors in light of the record.

      1.    <u>Where the Action Could Have Been Brought</u>

Florida Plastics argues that the case could have been brought in the Eastern District of Kentucky where it has sold the allegedly infringing products. ImagePoint argues that the plaintiff's choice of forum should be accorded substantial weight, particularly when the plaintiff resides in the judicial district where the suit was filed. Noting that Florida Plastics is located in Illinois, ImagePoint argues that Florida Plastics has no greater connection to the Eastern District of Kentucky than to this Court.

The Court notes that plaintiff's response brief is silent on whether the instant case could have been brought in the Eastern District of Kentucky. As Florida Plastics points out, a patent infringement action may be brought in any judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate defendant resides in a district where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c). Based on Florida Plastics' sale of the allegedly infringing products in the Eastern District of Kentucky, it appears that Florida Plastics is subject to personal jurisdiction in that district and this case could have been brought in that district.

2. <u>Convenience of the Parties and Witnesses</u>

Florida Plastics contends that the Eastern District of Kentucky would be a more convenient forum for the parties. Florida Plastics notes that the owner of the patents at issue, MDI, is a Michigan corporation with witnesses and documents likely located in Michigan. Florida Plastics further argues that although ImagePoint has its corporate offices in this district, the products manufactured under the MDI patents are manufactured in Florence, Kentucky. Florida Plastics notes that it purchases the housings used in the manufacture of the allegedly infringing products from LSI, who manufactures the housings in Erlanger, Kentucky. Florida Plastics also notes that it manufactures the accused products in Chicago, Illinois. Florida Plastics also notes that LSI has agreed to indemnify Florida Plastics in the manufacture and sale of the accused products. Finally, Florida Plastics contends that potential witnesses in this action are located in the Eastern District of Kentucky, the Chicago area, the Detroit area, and Knoxville, Tennessee. Florida Plastics urges the Court to take judicial notice of the fact that the Cincinnati/Northern Kentucky International Airport is a major Delta hub with numerous flights to and from Chicago, Detroit, and Knoxville. Thus, Florida Plastics suggests that travel to the Eastern District of Kentucky will be more convenient for the parties.

ImagePoint argues that there is no more or less convenience for the inventor, MDI, if this case were handled in the Eastern District of Kentucky versus the present district. ImagePoint also argues that the location of any products it manufactures is irrelevant inasmuch as ImagePoint is not accused of patent infringement. ImagePoint contends that

even if the housings for the accused products are manufactured in Kentucky, the ultimate allegedly infringing product is manufactured in Illinois. Thus, the Eastern District of Kentucky is no more convenient a forum than this Court. With respect to LSI's indemnification of Florida Plastics, ImagePoint argues that LSI accepted the risk that it could be called to indemnify Florida Plastics in any jurisdiction in the country. Thus, Florida Plastics cannot claim to be inconvenienced by litigating in this district. ImagePoint further contends that Florida Plastics' argument on the convenience of potential LSI employees is merely an attempt to shift the inconvenience to the plaintiff whose employees and officers would be inconvenienced by traveling to a trial in the Eastern District of Kentucky. Finally, ImagePoint urges the Court to take notice of the fact that Knoxville has a modern airport with several daily flights to Chicago, Detroit, and the Cincinnati/Northern Kentucky areas.

The Court declines the invitation to decide the pending motion on the merits of the respective airports in Knoxville and Cincinnati/Northern Kentucky. It appears that the present forum would be more convenient for ImagePoint, not surprisingly, inasmuch as the company's corporate offices are located in Knoxville. It further appears that the present forum is less convenient to Florida Plastics and MDI, whose respective offices are in Michigan and Illinois. For that reason, the Eastern District of Kentucky would seem to be equally inconvenient inasmuch as either forum will require the transportation of witnesses and documents from Michigan and Illinois. It appears that the Eastern District of Kentucky would be a more convenient forum for non-party LSI, who has a facility in Erlanger, Kentucky. The Court does not find that the convenience of a non-party should outweigh the

9

convenience to the present parties. Upon consideration of the facts, it does not appear that the Eastern District of Kentucky is necessarily more convenient to the parties than the present forum. Therefore, this factor does not weigh in favor of transfer.

       3.      <u>The Interests of Justice</u>

Florida Plastics vigorously argues that the "interest of justice" factor is the paramount reason to transfer this case to the Eastern District of Kentucky, specifically due to the pending case there. Florida Plastics contends that the pending litigation is a strong factor to be weighed in the interest of judicial economy. Florida Plastics notes that this case and the Kentucky case involve overlapping issues of law and fact as they involve, or will involve, all of the same patents. The cases involve similar products and will involve many of the same witnesses. Florida Plastics also notes that both cases will require the court to construe the claims of the MDI patents, both cases will require the court to determine the validity of the patents, both cases will require the court to apply the claims of the construed patents to the accused products, and both courts may be required to make determinations on damages. Florida Plastics contends that the two cases are in substantially the same procedural posture inasmuch as the Kentucky case has been stayed for much of the time it has been pending. Finally, Florida Plastics raises the possibility that the two cases, proceeding separately, could result in conflicting or inconsistent decisions.

ImagePoint argues that Florida Plastics has presented no proof to show that pretrial discovery could be conducted more efficiently, that witnesses could be saved time and money, or that duplicitous litigation would be avoided by transferring this case to the Eastern

District of Kentucky. ImagePoint also contends that the actions are not in a similar posture since the Kentucky case will likely reach a trial on the merits before the end of this year, whereas the present case has had very little discovery conducted and will not be ready for trial by the end of this year. ImagePoint also argues that the rulings of the respective courts could be binding on the other, thus eliminating the possibility of inconsistent results.

It is undisputed that both pending cases involve three of the five MDI patents and it is anticipated that the Kentucky case will be amended to include the remaining two patents. The parties are not identical inasmuch as LSI is not a party to the instant case and Florida Plastics is not a party to the Kentucky case. However, it cannot be disputed that the cases involve similar claims and issues and will likely involve many of the same witnesses and exhibits. If the cases remain in their current venues, there is a very real possibility that the courts may reach different conclusions on claim construction, patent validity, or infringement. On balance, the Court concludes that the pending related case in the Eastern District of Kentucky provides a powerful reason to grant the pending motion. Transferring the present case to the Eastern District of Kentucky will allow that court to consider consolidation of the two cases, conserve judicial resources and the resources of the parties, and ensure consistent rulings. Therefore, the Court concludes that the motion to transfer should be granted.

### III. Conclusion

For all the reasons set forth above, the Court will **GRANT** the defendant's motion to transfer [Doc. 23] and the present case will be transferred to the United States District Court for the Eastern District of Kentucky, Covington Division.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE